<div style="float:right">Drury
*v.*
Worcester.</div>

## ELIPHALET STONE *versus* JOSEPH CLARK.

In an action for words uttered without any allusion to facts, the mention of which would have prevented them from amounting to slander, it is not competent to the defendant to give such facts in evidence in explanation of the words.

Thus, where the defendant accused the plaintiff of taking a false oath on a judicial trial, without any explanatory words, it was *held*, that it was not competent for him to prove that he meant to impute falsehood only as to immaterial facts, nor to go into evidence of what was testified at the trial in order to show that they were immaterial.

SLANDER. The plaintiff, in his second count, alleges, that before the committing of the grievances, &c. a certain indictment had been depending in the Court of Common Pleas against one Horace Parks, who had been then lately tried upon the indictment at Worcester, and on the trial the plaintiff had been and was examined on oath, and had given his evidence as a witness ; and that the defendant, " in the presence and hearing of many good citizens of this Commonwealth, falsely, wickedly and maliciously did utter and publish, of and concerning the plaintiff, and of and concerning the said indictment, which had been so depending as aforesaid, and of and concerning the evidence by him the said Stone given on said trial, as such witness as aforesaid, certain other scandalous and false words, to wit, he (meaning the plaintiff) took a false oath on the trial (meaning the said trial, and thereby then and there meaning, that he, the said Stone, in giving his evidence as such witness on the said trial as aforesaid, had committed wilful perjury) ; " &c. Plea, the general issue.

Trial before *Putnam* J.

The plaintiff introduced evidence of the speaking of the

words. One witness testified, that the defendant, speaking of the trial, said the plaintiff took a false oath about a ninepence; and another testified, that the defendant said the false oath was about the defendant's not being a man of veracity.

The defendant then called one Clifford as a witness, and proposed to inquire of him to what the plaintiff's testimony alluded, in order to show that if it was false it was not perjury, because it was not material to the issue.

The plaintiff objected to this evidence, because the defendant, when he spoke the words, did not give an explanation of what had been testified in the case, or what the issue was, so that the witness who heard the words could know whether what the plaintiff testified was material or not.

The judge admitted the evidence, and Clifford stated, that the plaintiff testified on the former trial, that Clark was not a man to be believed and his character was not good; that he might have testified to more, but the witness could not recollect; and that the plaintiff might have been on the stand half an hour.

There was no testimony except that of Clifford, as to what the plaintiff did testify on that trial.

It was proved, that the trial alluded to was that of Parks, on an indictment for, an assault and battery upon Clark, who was a witness against Parks, and that the plaintiff was called as a witness by Parks.

The jury were instructed, that the words as laid in the writ, if proved, were actionable, unless the defendant accompanied them by an explanation showing that they did not charge the crime of perjury; that it was competent for the jury, in this case, upon the evidence before them, to go into the inqu'ry and to find whether what the plaintiff testified in the trial of Parks, was material to the issue in that trial, and if it was not, that the words spoken did not charge the plaintiff with perjury.

The jury returned a verdict for the defendant, and the plaintiff excepted to the foregoing ruling and instruction of the judge; and also moved for a new trial because of the admission of the testimony of Clifford.

*Oct* 3*d*.      *Newton, Brooks and Washburn*, for the plaintiff, cited

Starkie on Slander, (Ingraham's ed. 1826,) 32, (and note,)        Stone
55, 76 ; *Carter* v. *Andrews*, 16 Pick. 1.                           *v.*
                                                                  Clark.

*Merrick* and *C. Allen*, for the defendant, cited *Sibley* v.    ————
*Marsh*, 7 Pick. 38.

SHAW C. J. delivered the opinion of the Court.   In look-    *April term*
ing at the declaration in the present case, we think that the      1839.
second count clearly and technically charges slanderous words
to have been spoken by the defendant, which, taken with tne
averments of a previous judicial hearing and trial of an indict-
ment, and the fact that the plaintiff was sworn as a witness and
testified on that trial, and with the *colloquia* and innuendoes,
that the words were spoken of and concerning that trial, and
the testimony given by the plaintiff on that trial, were action-
able.   They imputed to the plaintiff very distinctly the crime
of perjury.   Then the question is, whether it was competent for
the defendant to go into evidence to prove that the facts, to
which the defendant alluded as having been testified to by the
plaintiff, were immaterial to the issue, and therefore that if he
had testified falsely in these particulars, it would not technically
amount to perjury.   The Court are of opinion that the evi-
dence was not competent for that purpose, and that it would be
no defence to an action of slander, for the defendant to show
that the plaintiff did not in fact, and even could not, commit
the crime, which the slanderous words imputed to him, unless
some qualification was made at the time of speaking the words,
showing that in the connexion in which they were used, they
did not impute the crime which in their ordinary meaning with-
out such connexion they would do.   It is within the principle
of *Carter* v. *Andrews*, 16 Pick. 1.   A man may at the time
of speaking words, which in their ordinary signification would
be slanderous by imputing a crime, so qualify them by other
words as to show that he uses them in a different sense.   If a
man should say of another, that on such a trial he testified to
things which were false, adding, true they were immaterial and
had no bearing on the case, though he thereby manifested great
disregard for the truth, it would not impute perjury.   It goes.
upon the principle, that all the words spoken at one time must
be taken together ; and that though one part, detached from
another, would be slanderous, yet if taken altogether they do

not impute an indictable offence, they are not actionable in themselves, that is, without special damage, averred and proved. A familiar instance is, where one says of another, he is a thief he has stolen the apples from my trees ; taking the latter part of the sentence as qualifying the former, it imputes a trespass and not a felony, and is not actionable. In the case of *Carter* v. *Andrews*, the Court considered it no defence, to show that the transaction which the defendant alluded to, in speaking the slanderous words, did not amount to a felony, unless accompanied at the time of speaking with explanations showing that they did not impute a felony. In the present case no such explanation was given at the time of speaking the words, they therefore imputed to the plaintiff the crime of giving false testimony on a judicial trial, which is a charge of perjury. It therefore was not competent for the defendant to prove that he meant to impute falsehood only as to immaterial facts, or to go into evidence of what was testified to at the trial, to show that they were immaterial.

The defendant relied mainly on the case of *Sibley* v. *Marsh*, 7 Pick. 38. That case is not very intelligible, nor is it easy to perceive precisely what was decided. The late Chief Justice *Parker* expresses his dissatisfaction with the report, and thought that it did not state accurately what took place at the trial. There were special pleas in justification, charging the plaintiff with the perjury imputed by the slanderous words, and evidence was given in support of these averments. The question was, whether the jury were warranted in taking into consideration, the evidence given in support of the justification, on the question of damages. The Court stated that it was proper for the jury to consider, whether the words spoken had relation to facts immaterial to the inquiry before the referees, of which a false account under oath would not be perjury. If this related to what took place at the time of speaking the words, if any thing occurred then which tended to show that the defendant then alluded to testimony upon matters not material to the inquiry before the referees, it is entirely consistent with the principle now adopted. But whether it was so or not the case seems not entitled to much consideration, for the reasons already given, and it appears to have been ordered to

new trial, for the purpose of having a more correct report of the case. The action does not seem to have again come before the Court.

*Verdict set aside and a new trial granted.*